HOLMES, ex'r, &c. vs. COCK.

The statute authorizing the surrogate to require an executor to give security, where his circumstances have become so precarious as not to afford adequate security for the due administration of the estate, is applicable to the case of an executor who has not sufficient property, exclusive of the contingent interest of his wife in the proceeds of the real estate of the testator, to pay his debts.

The statute does not fix the amount of the security to be given, by an executor who is irresponsible; except that it cannot be less than twice the value of the personal estate. But where the proceeds of real estate may come into the hands of an executor, by virtue of his trust, for the benefit of others, security in double the amount of such proceeds is not unreasonable, when the executor has become insolvent; unless the amount which is to come to his hands is very large. In that case, security to a limited amount beyond the fund to be administered, should be deemed sufficient.

Holmes *v.* Cock.

The statute authorizing executors to bring the proceeds of real estate into the surrogate's office, for distribution, is only for the benefit or protection of the executor; and it does not require the executor to place such proceeds in the surrogate's hands, where the real estate is sold under a power contained in the will.

Form of the bond to be given by an executor where he is required by the surrogate to give security. The bond given by an executor, under an order of a surrogate, is for the benefit of every person interested in the estate of the testator; and not merely for the benefit of the distributee, upon whose application the surrogate directs security to be given.

The costs of the application to the surrogate for an order upon an executor to give security, are properly chargeable upon the fund which is to come to the hands of the executor, and not upon the petitioner personally. Nor should such costs be charged upon the executor personally.

THIS was an appeal from an order of the surrogate of the county of Dutchess, requiring S. D. Holmes, the appellant, to give security for the faithful discharge of his trust, as executor of Noah Cock deceased. The application was made by W. H. Cock, the respondent, who was one of the residuary legatees of the testator. Three executors were appointed by the will, but two of them died subsequent to the death of the testator; leaving the appellant, who was one of his sons in law, the sole executor. The personal estate had all been administered. And the only duty still to be performed by the executor, was to sell the real estate, after the death of the widow, and distribute the proceeds among the residuary devisees; one of whom was the wife of the appellant, who had filed a bill against him, for a separation.

*A. Taber,* for the appellant.

*W. Wilkinson,* for the respondent.

THE CHANCELLOR. The first objection made to the decree of the surrogate is that the appellant should not have been required to give security. Under the circumstances, I think there was no error in this respect. The statute authorizes the surrogate to require security to be given, where the circumstances of the executor have become so precarious as not to afford adequate security for the due administration of the estate.

Here the contingency contemplated by the legislature had happened. Two of the three executors appointed by the testator, to discharge the trusts of his will, had died, and the surviving executor had become insolvent. His property consisted of a farm of the value of about $6000, according to the testimony, and of stock and other personal property of the value of $1000. And his debts, according to his own affidavit, were about $7,600; including the interest due on the mortgage, and excluding the costs in the suit brought against him, by his wife, for a separation. His counsel supposes that he was also entitled to some $2000 more, on account of his wife's interest in the proceeds of the real estate of the testator. But by adverting to the provisions of the will, it appears that the interest of the wife in those proceeds, is given over to her children, in case of her death before she comes into possession of them; or to the surviving distributees, in case of her death without issue. Again; there is a suit pending in which the wife, if she succeeds, will be entitled to this contingent interest, to the exclusion of her husband, even if it should eventually fall to her.

The objection that the amount of the security required is too large, is based upon the supposition that the appellant is the owner of this share of the proceeds of the estate to which his wife is presumptively entitled; and that it ought not to be taken into the estimate, in fixing the amount of the security. But as that share may in the end belong to others, it is reasonable to require security that this part of the proceeds of the estate shall be faithfully administered. Although the executor cannot dispose of the real estate until after the death of the widow, she is far advanced in life and may be taken away at any moment. He may then sell the farm without notice to any one; and being insolvent, there is no certainty that the proceeds will be safe in his hands. The statute has not fixed the amount of the security to be given in such cases, except that it cannot be less than twice the value of the personal estate. (2 *R. S.* 72, § 20. *Id.* 77, § 42.) But security in double the amount of the proceeds of the real estate which may come into the hands of the executor, for the benefit of others, by virtue of

his trust, is not unreasonable, where the executor has become insolvent; unless the amount is very large. In that case, security to a limited amount beyond the fund to be administered, should be deemed sufficient.

The statute authorizing the executor to bring the proceeds of real estate, sold by virtue of a power contained in the will, into the surrogate's office for distribution, is only for the benefit or protection of the executor; and it does not require the executor to place such proceeds in the surrogate's hands. It therefore does not afford any additional security to the distributees, unless the fund is actually brought there for distribution.

The objection is not well taken, that the security should have been directed to be given to the distributee who petitioned, and only for the amount of his share of the fund. The statute directs that the bond shall be like those required by law from administrators. The bond, therefore, must be taken in the name of the people; and conditioned that the executor shall faithfully execute the trust reposed in him as such, and that he will obey all orders of the surrogate touching the administration of the estate committed to him. It is a bond for the benefit of every person interested in the estate. And if taken only in a sum sufficient to cover the interest of the petitioner, upon whose application the order for security was obtained, it would not afford him adequate protection. For the whole amount recovered against the sureties would have to be distributed among all those who had suffered by the executor's maladministration of the funds.

For the same reason the costs were properly charged upon the fund which was to be raised by the proceeds of the sale, and not upon the petitioner personally; as it was a proceeding for the benefit of the residuary legatees generally, in proportion to their interest in the fund which was to be protected by the security to be obtained by such proceeding. And as the insolvency of the executor may have arisen from misfortune, and not from his fault, there was no reason for charging the costs of the proceeding before the surrogate upon him personally. But as the decision of the surrogate was right, and therefore

ought not to have been appealed from, the executor cannot be excused from the payment of the respondent's costs in this court, upon the appeal.

The order appealed from must therefore be affirmed, with costs, and the proceedings are remitted to the surrogate.